**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LAMAR J. SHAW, SR.,              ) | |
|                                  ) | |
|     Petitioner,              ) | |
|                                  ) | |
|     v.                       ) | Case No.: 3:07-CV-628 JVB |
|                                  ) | |
| SUPERINTENDENT, WABASH VALLEY    ) | |
| CORRECTIONAL FACILITY,           ) | |
|                                  ) | |
|     Respondent.              ) | |

**OPINION AND ORDER**

Petitioner Lamar J. Shaw, Sr. a prisoner confined at the Wabash Valley Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a disciplinary hearing at the Indiana State Prison. The Disciplinary Hearing Board ("DHB") found the petitioner guilty of sexual assault and imposed a loss of one hundred and eighty days of earned credit time. Shaw appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Shaw presents three grounds for his petition: (1) the investigative report was incomplete and did not comport with the Indiana Department of Correction's ("IDOC") policy guidelines, (2) the DHB violated IDOC procedure by not granting the petitioner a postponement of the hearing; and (3) the DHB "violated the evidence rule." (Petition at 2-3). Where prisoners lose good time credits

at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one and two of his petition, Shaw asserts that the investigation did not comport with IDOC policy requirements and in ground two, he alleges that the DHB did not follow IDOC policy in denying him a continuance. The Adult Disciplinary Policy ("ADP"), the IDOC policy Shaw relies on, was created under authority of state law. Violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). Accordingly, a violation of IDOC rules does not state a claim for habeas corpus relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

In ground three of his petition, Shaw asserts that the DHB violated the ADP evidence rule, which provides that inmates may request physical or documentary evidence. Although Shaw frames this claim as a violation of the ADP, the Constitution's Due Process Clause also guarantees inmates the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 566. The petitioner's claim that the

DHB denied him the opportunity to present evidence may state a claim upon which relief may be granted.

For the foregoing reasons, the court:

(1) **GRANTS** the petitioner leave to proceed on ground three of his petition for writ of habeas corpus; namely, that the DHB denied him the opportunity to present evidence in his defense;

(2) **DISMISSES** the claims presented in grounds one and two of his petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court; and

(3) **DIRECTS** the Clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on March 6, 2008.

                                      s/ Joseph S. Van Bokkelen
                                      JOSEPH S. VAN BOKKELEN
                                      UNITED STATES DISTRICT JUDGE
                                      HAMMOND DIVISION