UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAMAR J. SHAW, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-628 JVB |
| | ) |
| SUPERINTENDENT, WABASH VALLEY | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Lamar Shaw, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing at the Indiana State Prison. The Disciplinary Hearing Board ("DHB") found the petitioner guilty of sexual assault and imposed a loss of 180 days of earned credit time. Shaw appealed unsuccessfully to the Superintendent and the final reviewing authority. The court screened the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases, dismissed two of the petitioner's claims, and ordered the respondent to respond to the remaining claim that the DHB denied him the opportunity to present evidence in his defense.

Where prisoners lose good time credits or are demoted in credit time earning classification at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections which include: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present exculpatory evidence in defense when consistent with institutional

safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In ground three of his petition, Shaw asserts that the DHB violated the Adult Disciplinary Policy ("ADP") evidence rule, which provides that inmates may request physical or documentary evidence. Although Shaw framed this claim as a violation of Indiana Department of Correction rules, the Constitution's Due Process Clause also guarantees inmates the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 566.

**A.     Shaw's Request For His Statement In The Internal Affairs File**

When he was screened, Shaw requested as evidence the "information in I.A. file 07ISP0167" and his "information stated at [his] interview with I.A."[1] (DE 11-4.) Shaw requested that his own statement to I.A. be presented to the DHB. But in his memorandum in support of his traverse, Shaw concedes that I.A. never interviewed him, so there was no statement to produce: "Petitioner (Shaw) had requested his very own statement from I.A.'s allege[d] interview; which no statement would have been found because no interview ever occurred." (DE l4 at 2.) Furthermore, at the hearing, Shaw stated: "The investigation was incomplete. I never talk[ed] to IA. They violate[d] my rights." (DE 11-10 at 1.) He apparently requested his I.A. statement to highlight the fact that I.A. did not interview him even though he asserts that prison regulations require such an interview.

---

[1] I.A. stands for Internal Affairs, which is the prison office that investigated Shaw for sexual assault.

This court has already noted that even if I.A. violated the Indiana Department of Correction's policy by not interviewing Shaw, he has failed to state a claim upon which *habeas corpus* relief can be granted. (DE 7 at 2.) Furthermore, because the DHB was not able to provide Shaw with a statement he admits did not exist, he is not entitled to *habeas corpus* relief. The DHB allowed Shaw the opportunity to speak on his behalf at the hearing, which complies with the requirements of *Wolff*.

**B.     Shaw's Request For The I.A. File**

Shaw also requested the I.A. file be brought to the hearing. The DHB stated in its report of the disciplinary hearing "[w]e do not bring . . . [investigative files] to the hearing. Base[d] on IA case file 07-ISP-0167 we find the offender guilty." (DE 11-10 at 1.) Thus, the DHB reviewed the Internal Affairs case file, as Shaw requested, although it did not bring the file to the hearing or provide it to Shaw. According to the respondent, the I.A. file contained the identity of confidential informants, and providing the file to Shaw would have compromised institutional security. (DE 11-1 at 5.)

Prisoners charged with offenses that could lead to the loss of earned credit time have a qualified right to present exculpatory evidence. The investigative file was not exculpatory evidence because it contained the information supporting Shaw's guilt. Moreover, even if it contained exculpatory material it also contained confidential material.

Prison officials dealing with disciplinary proceedings are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Forbes v. Trigg*, 976 F.2d 308, 313 (7th Cir. 1992) (citation omitted). Accordingly, this court will not

second guess the decision not to allow Shaw access to the investigative file. Nor will it second guess the DHB's decision not to bring the physical file to the hearing because *Wolff* does not require that tangible evidence be physically present at a prison disciplinary hearing. *Hayes v. McBride*, 965 F.Supp. 1186, 1189 (N.D. Ind. 1997). The DHB states that it reviewed the Internal Affairs File, as requested by Shaw, and that it relied on the information in the file to find him guilty. Nothing in this process denied Shaw due process.

For the foregoing reasons, the court **DENIES** this petition.

SO ORDERED on November 7, 2008.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION
